IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  05 C 1563 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CENTRAL CAN COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alexander Davis filed a two-count Second Amended Complaint against defendant Central Can Company, his current employer, alleging disability discrimination and failure to accommodate, respectively, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.  Defendant has moved to dismiss on both counts, arguing that plaintiff is not a qualified individual with a disability as defined by the ADA.  For the reasons set forth below, the motion is denied as to Count I and granted as to Count II.

*FACTS*

On or about December 17, 1993, plaintiff began his employment as a security guard at defendant's facility (the "Facility").  Plaintiff's employment duties included patrolling the grounds of the Facility from 5:00 a.m. until 8:15 a.m. and manning the guard booth at the Facility from 8:30 a.m. until 4:00 p.m.  Plaintiff also occasionally assisted with other tasks during his early morning patrol hours.  At the time plaintiff's employment commenced, and for approximately ten years following, plaintiff worked a fulltime schedule and received fulltime benefits.

On or about July 23, 2003, plaintiff was injured at work. As a result, plaintiff's doctor issued work restrictions under which he could not lift, push or pull more than 10 pounds with his right arm and he could not perform any above the shoulder work. Plaintiff provided defendant with a note from his doctor describing his physical limitations and work restrictions. Those restrictions remained in place for a period of several months. This injury, however, did not restrict plaintiff from patrolling the Facility or manning defendant's guard booth or otherwise performing his job as a security guard.

After plaintiff's injury, defendant changed plaintiff's work schedule from approximately 5:00 a.m. until 4:00 p.m., to 8:30 a.m. until 3:30 p.m., reducing plaintiff's work hours from eleven hours to seven hours per day. As a result of this shortened schedule, plaintiff was no longer considered a fulltime employee and thus no longer entitled to certain benefits. Specifically, plaintiff was told that he would no longer receive vacation, holiday pay, jury duty pay, funeral leave, and would no longer be able to participate in the Attendance Recognition Program. Since the time plaintiff's benefits were cut, he has made repeated requests to return to a fulltime schedule.

Plaintiff filed a Charge of Discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC") on October 24, 2003, alleging harassment and a "reduction in hours because of [plaintiff's] physical handicap." Plaintiff filed an amended charge on February 18, 2004, adding two charges of retaliation.

*DISCUSSION*

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal

notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.,* 246 F.3d 1065, 1067 (7th Cir.2001). The court must construe the pleadings liberally, and mere vagueness or lack of detail alone will not constitute sufficient grounds to dismiss a complaint. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir. 1985). A claim should be dismissed only where it appears beyond a doubt that plaintiff can prove no set of facts that would entitle her to relief. *Homeyer v. Stanley Tulchin Associates, Inc*., 91 F.3d 959, 960 (7th Cir. 1996).

To invoke protection under the ADA, plaintiff must establish that he suffered from a disability as defined in the Act. *Skorup v. Modern Door Corp.,* 153 F.3d 512, 514 (7th Cir.1998). The ADA defines disability as: (a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (b) a record of such impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(2). "Substantially limits" means that the individual is either "unable to perform a major life activity that the average person in the general population can perform" or is "significantly restricted" as to the condition, manner, or duration under which the individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(1); *Sutton v. United Airlines, Inc.,* 527 U.S. 471, 480 (1999). In *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams,* 534 U.S. 184, 200-201 (2002), the Supreme Court explained that "major life

3

activities" are those "that are of central importance to most people's daily lives," rather than those associated with a particular job. EEOC regulations interpreting the Act define major life activities to include "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I).

## Count I

Count I alleges that plaintiff has a disability covered by the ADA due to the physical limitations caused by his July 2003 injury or, alternatively, that he is covered by the ADA because defendant regarded him as having a disability. As stated above, on a motion to dismiss the court must accept all factual allegations in a plaintiff's complaint as true and draw all reasonable inferences in his favor. *Szumny*, 246 F.3d at 1067. Thus, a dispute as to whether plaintiff has a disability, an allegation he states in his complaint, is a question of fact that cannot be adjudicated on a motion to dismiss. *Homeyer*, 91 F.3d at 962. As argued by defendant, however, a plaintiff who files a complaint may plead himself out of court by including factual allegations that show that his legal rights have not been invaded. *American Nurses' Ass'n v. State of Ill.*, 783 F.2d. 716, 724 (7th Cir. 1986). Defendant argues that plaintiff has pled himself out of court by alleging that he continues to fully perform the essential job functions of his employment[1] while at the same time alleging that he is disabled in the major life activity of working.

Defendant incorrectly concludes that plaintiff has pled himself out of court. Specifically, defendant errs in its argument that the complaint alleges (or should be interpreted as alleging) that

---

[1] To be a "qualified individual with a disability," the ADA requires not only that an employee be an individual with a disability, but also an individual who "with or without reasonable accommodation, can perform the essential functions of the employment condition that such individual holds or desires." 42 U.S.C. § 12111(8). *Duda v. Board of Ed. Of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1058 (7th Cir. 1998).

plaintiff is disabled in the major life activity of working. To support its theory, defendant emphasizes that plaintiff's complaint describes the "physical limitations and work restrictions" resulting from his July 2003 injury and construes the complaint's description of work restrictions as alleging that plaintiff is disabled in the major life activity of working. Plaintiff has made no such claim. The complaint alleges only that plaintiff has a disability solely by virtue of the *physical* limitations caused by his July 2003 injury. In fact, plaintiff has not identified any major life activity that is substantially restricted by his alleged condition and is not required to do so in the initial pleading stage. *McKay v. Town and Country Cadillac, Inc.*, 991 F. Supp. 966, 970 (N.D. Ill. 1997); *see Duda v. Bd. of Ed. of Franklin Park Pub. School Dist. No. 84,* 133 F.3d 1054, 1059 (7th Cir.1998) (holding that plaintiff's complaint was sufficient to plead a "disability" even though it does not specify which major life activities were substantially limited); *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 854 (6th Cir.2001) (plaintiff does not have to identify in the initial pleading the major life activity that he is substantially limited from performing); *see EEOC v. Browning Ferris, Inc.,* No. 99-2413, 2000 WL 1039469 (4th Cir. Jul. 28, 2000) (unpublished) (noting that notice pleading requirements does not require a plaintiff to plead particulars); *Menkowitz v. Pottstown Mem'l Med. Ctr.,* 154 F.3d 113, 117 n.2 (3d Cir.1998). So long as the pleadings give a defendant notice of the claims being made, a plaintiff does not even have to specifically plead that he has a substantial limitation. *McKay*, 991 F.Supp. at 970; *see Jackson v. Marion County*, 66 F.3d 151 (7th Cir. 1995) (noting that notice pleading is sufficient). It is sufficient for purposes of the liberal pleading requirements that plaintiff has alleged that he has a disability and was discriminated against on the basis of that disability. *McKay*, 991 F.Supp. at 970.

Defendant also argues that plaintiff has defeated his disability claim by alleging that his work restrictions had been lifted. Defendant's attempt to equate a lack of work restrictions with lack of a disability, however, is incorrect.[2] The fact that plaintiff's work restrictions have been lifted does not establish that plaintiff's alleged disability has ceased. *Toyota Motor Mfg. Ky.*, 534 U.S. at 201 (holding that an individual may be covered by the ADA even though her impairment does not restrict job-related tasks).

With regard to plaintiff's alternative argument that he was "regarded as" disabled by defendant, defendant again contends that plaintiff has pled himself out of court. A plaintiff may establish that he is "disabled" within the meaning of the ADA, even if he has no actual disability, so long as he can show that either: (1) the employer mistakenly believed that he had a physical impairment that substantially limits one or more major life activities; or (2) the employer believed that an actual non-limiting impairment substantially limits one or more life activities. 42 U.S.C. §12102(2); *Sutton*, 527 U.S. at 489-90. Defendant argues that because it continues to employ defendant even after his July 2003 injury, it could not have regarded him as substantially limited in a major life activity. Again, defendant mistakenly bases its argument on the assumption that plaintiff has alleged that he is substantially limited in the major life activity of working. As stated, plaintiff has made no such allegation.[3] Further, defendant's argument wrongly implies that an

---

[2]This argument is also inconsistent with defendant's own Reply Memorandum, which concedes that there are many situations in which an individual has no work restrictions whatever and is still a person with a disability covered by the ADA.

[3]To constitute a substantial limitation on a person's ability to work, the limitation must be one that affects his or her ability to perform a class or broad range of jobs in various classes. *Kupstas v. City of Greenwood*, 398 F.3d 609, 612 (7th Cir. 2005). Defendant erroneously argues that because plaintiff has alleged his capability to perform the essential functions of his job as a
(continued...)

employer cannot believe (or mistakenly believe) an employee is substantially limited in a major life activity unless the employer terminates the employee. Contrary to defendant's argument, an employer may engage in other acts short of termination that may indicate adverse employment action, such as "'a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.'" *Oest v. Illinois Dep't of Corrections*, 240 F.3d 605, 612-13 (7th Cir. 2001) (quoting *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)).

In short, plaintiff has not pled himself out of court by virtue of facts alleged in the complaint. The court simply cannot conclude that there are no set of facts under which plaintiff could prove that he has a disability, actual or perceived, that make him a qualified individual under the ADA. Where, as here, there is a material factual dispute as to a plaintiff's disability, a motion to dismiss is an inappropriate vehicle for such a determination. *Covington v. Ill. Sec. Service, Inc.*, 269 F.3d 863, 865 (7th Cir. 2001). For the foregoing reasons, defendant's motion to dismiss Count I is denied.

## Count II

Count II alleges that defendant failed to accommodate plaintiff's alleged disability in violation of the ADA. Defendant argues that the count should be dismissed because plaintiff never raised the claim in the EEOC Charge of Discrimination ("Charge") and is thus beyond its scope.

---

[3](...continued)
security guard satisfactorily, plaintiff has pled that he is not limited in performing a class or broad range of jobs that would establish a substantial limitation on his ability to work.

Plaintiff's response relies on his contention that the Charge cannot be considered by the court because it is "extraneous to the complaint." This argument is without merit. Although the general rule is that matters outside the pleadings included in a Rule 12(b)(6) motion must be ignored or the motion must be converted into one for summary judgment, there is a long line of cases within the Seventh Circuit that hold that an EEOC charge attached to a motion to dismiss may be considered as part of the pleadings if it is referenced in the complaint and is central to the plaintiff's claims.[4] *Shannon v. Hotel Employees and Rest. Employees Int'l Union and Hotel Employees and Rest. Employees Local 1*, No. 01 C 9711, 2003 WL 1338457, at *1 n1 (N.D. Ill. March 18, 2003) ("'A Rule 12(b)(6) motion typically focuses on the four-corners of the complaint to determine whether the complaint states a cause of action. To determine the proper scope of [the plaintiff's] Title VII complaint, however, the court must consider the accusations made in the EEOC charge'" (quoting *Whitehead v. AM Int'l, Inc.*, 860 F.Supp. 1280, 1286 (N.D. Ill. 1994))); *see also Martinez v. Universal Laminating, Ltd.,* No. 02 C 4410, 2002 WL 31557621, at *1 (N.D. Ill. Nov. 18, 2002) ("[T]he court may take judicial notice of matters of public record, including records of administrative bodies, without converting a 12(b)(6) motion into a motion for summary judgment."). In the instant case, the Charge is referred to in the complaint. Further, a plaintiff cannot bring claims under Title VII that are not included in his or her EEOC charge. *Burke v. Ethyl Petroleum*

---

[4]Plaintiff cites *Frazier v. Harris*, 266 F.Supp.2d 853, 874-75 (C.D. Ill. 2003), to support the proposition that the court cannot go beyond the face of a complaint and look to an EEOC charge in deciding a motion to dismiss. However, as noted by defendant, the court in *Frazier* held only that a plaintiff is not required to attach a charge of discrimination to his complaint. The case is devoid of any discussion as to whether the defendant attached the charge to its motion to dismiss or, if defendant had, whether the court would have considered it. At any rate, plaintiff's argument contradicts Seventh Circuit precedent.

*Additives, Inc.*, 359 F.Supp.2d 726, 729 (S.D. Ill. 2005) (citing *Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir. 1995)). Thus, the limits of plaintiff's claims are defined by the Charge, making the Charge central to his complaint. Accordingly, the court may consider the Charge in its analysis[5]

A plaintiff generally cannot bring claims under Title VII that are not included in his or her EEOC charge. *Burke*, 359 F.Supp.2d at 729 (citing *Harper*, 45 F.3d at 147-48). The Seventh Circuit, however, allows claims not explicitly alleged in the Charge to fall within its scope if those claims are like or reasonably related to the allegations of the Charge and grow out of such allegations. *Id*. To determine whether the allegations in the complaint fall within the scope of the Charge, courts consider whether there is a factual relationship between them. *Mudgett v. Centegra Health System, Inc.*, No. 04 C 6212, 2006 WL 1806390 (N.D. Ill. June 27, 2006) (citing *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001)). At a minimum, the EEOC charge and the complaint must describe the same conduct and implicate the same individuals. *Id*.

Neither plaintiff's original nor amended Charge includes a claim of failure to accommodate his alleged disability, and nothing in the Charge is like or reasonably related to a failure to accommodate claim. The Charge is devoid of any indication that plaintiff requested an

---

[5]Further, plaintiff's reliance on *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105 (7th Cir. 1984), is misplaced. Plaintiff quotes *Stearns*' holding that "the district court erred in requiring anything more than a general allegation that all conditions precedent had been fulfilled." In other words, plaintiff argues that as long as his complaint generally alleges that all conditions precedent have been fulfilled (i.e. that plaintiff adequately filed his Charge with the EEOC), the complaint is sufficient. However, plaintiff's argument is deficient because the issue in *Stearns* was whether the plaintiff adequately went through the administrative procedures for filing her EEOC charge. In the instant case, the court is not adjudicating whether plaintiff adequately filed his Charge, but whether plaintiff has adequately *pled* his allegations in the Charge.

accommodation, or was denied an accommodation, or any allegation that could potentially demonstrate defendant's failure to accommodate plaintiff. Furthermore, "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA" because the two types of claims are analyzed differently under the law. *Green v. Nat'l Steel Corp.*, 197 F.3d 894 (7th Cir. 1999); *Burke*, 359 F.Supp.2d at 730. The court finds that plaintiff's claim of failure to accommodate is beyond the scope of his Charge. Accordingly, Count II is dismissed.

Finally, plaintiff argues that because he proceeded *pro se* before the Illinois Department of Human Rights and the EEOC, the court should be lenient when considering whether his claims are beyond the scope of the Charge. Numerous cases in this district, however, have effectively rejected that argument. *See Hall v. Blue Cross Blue Shield of Illinois*, No. 05 C 4280, 2006 WL 87612, at *2 (N.D. Ill. Jan. 11, 2006); *Mitchell v. Elkay Manufacturing Co.*, No. 04 C 7808, 2005 WL 3560686, at *2-*3 (N.D. Ill. Dec. 22, 2005); *Hale v. Renee-Baker*, No. 01 C 7073, 2002 WL 1613765, at *3 (N.D. Ill. Jul. 19, 2002); *McGee v. United Parcel Service*, No. 01 C 9099, 2002 WL 449061 (N.D. Ill. March 22, 2002). In fact, courts have addressed EEOC charges filed *pro se* by carving out an exception for claims that are "like or reasonably related" to the allegations in the EEOC charge, discussed above. *Martinez v. Universal Laminating, Ltd.*, No. 02 C 4410, 2002 WL 31557621, at *3 (N.D. Ill. Nov. 18, 2002); *Burke*, 359 F.Supp.2d at 729.

*CONCLUSION*

For the foregoing reasons, the court grants defendant's motion to dismiss Count II and denies the motion to dismiss Count I.

**ENTER:** **August 4, 2006**

*Robert W. Gettleman*

10

**Robert W. Gettleman**
**United States District Judge**